NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOHN R. BEAN,<br><br>           Plaintiff,<br><br>      v.<br><br>COUNTY OF MONTEREY SHERIFF'S DEPARTMENT,<br><br>           Defendant. | Case Number C 06-00201 JF<br><br>ORDER[1] GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>[re: docket no. 6] |

    Defendant County of Monterey Sheriff's Department ("Sheriff's Department") moves to dismiss Plaintiff John R. Bean's ("Bean") *pro se* complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Bean did not oppose the motion, but instead filed an amended complaint on April 10, 2006. The amended complaint was not served. The Court heard oral argument on June 2, 2006. For the reason set forth below, the Court will grant the motion with leave to amend.

---

    [1] This disposition is not designated for publication and may not be cited.

Case No. C 06-00201 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX1)

## I. BACKGROUND

Bean filed the instant complaint on January 11, 2006, demanding $500,000 as compensation for alleged physical and mental abuse and loss of personal belongings. Bean also seeks a judgment that would provide him with medical treatment and counseling for the alleged defamation and abuse that he suffered as a result of conduct by Sheriff's deputies, prison guards, and other County employees.

Because Bean is proceeding *pro se*, his claims understandably are not set forth with the clarity one would expect from an attorney. Bean alleges that he was violently harassed and subsequently arrested by Deputy M. Shapiro and Deputy J. Villasenor, both of the Sheriff's Department. He was taken from his home in Carmel Valley, California and placed into custody at the Monterey County Jail. Bean alleges that Deputy Shapiro doctored the facts and circumstances of the arrest that took place at Bean's home, and that the Sheriff's Department reported the alleged falsified facts to the community newspaper, the Monterey County Herald, which published the alleged falsified facts. Bean claims that he was defamed by the publication of said facts.

Bean also alleges that he was forced to undergo expensive psychological evaluations. However, he acknowledges that this expense fell on the Monterey County taxpayers. Bean also claims that he endured four months of "hardship, psychological torture, and unnecessary psychological evaluations" before the criminal charges against him were dismissed on August 24, 2004. Bean alleges that, as a result of his experience in the Monterey County legal system, he suffered unnecessary mental and physical abuse, the acquisition of a criminal record, unnecessary emotional and financial stress associated with the costs of a bail bond, and the loss of personal belongings.

The Sheriff's Department moves to dismiss Bean's complaint with prejudice on four grounds: (A) this Court lacks subject matter jurisdiction because Bean has failed to raise any question of federal law; (B) Bean fails to allege that he was deprived of a cognizable interest; (C) Bean has failed to allege compliance with the California Tort Claims Act; (D) the Sheriff's

1  Department is immune from suit.

2  In response to the motion to dismiss, Bean filed an amended complaint. However, he did
3  not serve the amended complaint because he believed that the Court would serve it based on his
4  *in forma pauperis* status. The amended complaint is almost identical to the original complaint,
5  although Bean has added a list of seven cases and six claims for relief: (1) false arrest, (2) false
6  imprisonment, (3) misprision, (4) color and title, (5) civil rights violated and (6) defamation. His
7  original complaint does not identify any particular claims.

## II. LEGAL STANDARD

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); see also *Argabright v. United States*, 35 F.3d 472, 474 (9th Cir. 1994). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Argabright*, 35 F.3d at 474. The pleading of a *pro se* litigant is held to a less stringent standard than a pleading drafted by an attorney, and is to be afforded the benefit of any doubt. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988). Further, a *pro se* litigant must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

## II. DISCUSSION

The Sheriff's Department moves to dismiss Bean's claims with prejudice for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Because Bean's amended complaint has not been served, the motion to dismiss the original complaint is properly before the Court.

Case No. C 06-00201 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX1)

1  The Court will rule on the original complaint and the Sheriff's Department's motion to
2  dismiss, while taking notice of the amended complaint in order to provide guidance to Bean in
3  connection with any future effort to amend.

4  **A.  Motion to Dismiss for Lack of Subject Matter Jurisdiction**

5  The Sheriff's Department argues that this Court does not have subject matter jurisdiction
6  because Bean has not stated any claims arising out of the Constitution, federal law or United
7  States treaties.  *See* 28 U.S.C. § 1331.  The Sheriff's Department points out that the only claim
8  referred to in the original complaint is a state law claim for defamation.

9  Subject matter jurisdiction gives a court power to hear the case and must exist at
10 commencement of the action.  *Morongo Band of Mission Indians v. California State Board of*
11 *Equalization*, 858 F.2d 1376, 1381 (9th Cir. 1988).  Lack of subject matter jurisdiction must be
12 decided before other motions, because the other motions will become moot if subject matter
13 jurisdiction is lacking.  *Id.*  The presumption is that there is a lack of subject matter jurisdiction so
14 that the party asserting federal court jurisdiction must prove its existence.  *Thompson v.*
15 *McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

16 Bean's complaint contains the following allegations: "Deputy Shapiro . . . doctored the
17 facts of [Bean's] arrest incident and prepared a falsified police report" and the "Sheriff's
18 Department reported the falsified facts to the Monterey County THE HERALD."  Original
19 Complaint 2:10-18.  Based on these allegations, it appears that Bean is attempting to allege a
20 claim of defamation, which is a state law claim.  The Sheriff's Department is an extension of the
21 state rather than of the federal government, as Bean appears to claim in the complaint.  Although
22 Bean's unserved amended complaint identifies at least one possible federal claim, a civil rights
23 violation, simply listing a claim is not enough to meet the pleading standards of Federal Rule of
24 Civil Procedure 8(a).  *See infra* p. 5.  Accordingly, the Court will dismiss the original complaint
25 for lack of subject matter jurisdiction, with leave to amend.  Should Bean amend his complaint in
26 order to allege a claim under federal law, he must do more than simply state that he is suing for a
27 civil rights violation, but rather he must allege specific facts giving rise to such a claim.

28

**B.     Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted**

The Sheriff's Department argues that even if a claim for violation of 42 U.S.C. § 1983 could be inferred from Bean's allegations, Bean has not asserted that the Sheriff's Department violated his constitutional rights. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must give the defendant notice of what the claim is and the grounds upon which it rests. As noted above, Bean does not clearly identify any particular claims in his original complaint. While the unserved amended complaint lists claims for "false arrest, false imprisonment, misprision, color and title, civil rights violated and defamation," these claims are not accompanied by a short and plain statement that informs the Sheriff's Department of the grounds upon which Bean asserts the claims. Moreover, to hold the Sheriff's Department liable for any § 1983 claims, Bean must allege that the actions leading to the claim were part of the Department's policy or custom. *Monell v. Department of Social Services*, 436 U.S. 658, 690-691 (1978).

**C.     California Tort Claims Act**

The Sheriff's Department argues that Bean's state law defamation claim does not comply with the provisions of the California Tort Claims Act, Cal. Gov. Code §§ 900 et seq. California Government Code § 911.2(a) provides that claims against public entities and public employees

> for injury to person or to personal property . . . shall be presented . . . not later than six months after the accrual of the cause of action. A claim relating to any other cause of action shall be presented . . . not later than one year after the accrual of the cause of action.

Bean filed his original complaint on January 11, 2006. The events giving rise to Bean's claims culminated at least 16 months before the filing. Any amended complaint asserting defamation or any other state law claim must address this deficiency.

**D.     Immunity**

The Sheriff's Department argues that it is immune from liability for Bean's state law claim under California Government Code § 821.6, which applies to public employees acting within the scope of their employment, "even if [they] act maliciously and without probable cause." The protections of this statute extend to include police officers. *Johnson v. City of*

5

Case No. C 06-00201 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX1)

1  *Pacifica*, 4 Cal. App. 3d 82, 84-85 (1970).  Consequentially, immunity for the police officers
2  results in immunity for the Sheriff's Department.  *Id.*; Cal. Gov. Code § 815.2.  Accordingly, in
3  any amended pleading, Bean must allege facts which would support a conclusion that the
4  immunity does not apply.

## IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the motion to dismiss is GRANTED WITH LEAVE TO AMEND.  Any amended complaint shall be filed and served within (30) days after service of this order.

DATED: June 6, 2006

_____
JEREMY FOGEL
United States District Judge

6

Case No. C 06-00201 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX1)

This Order has been served upon the following persons:[2]

Traci A. Kirkbride
Office of County Counsel
County of Monterey
168 W. Alisal St. 3rd Floor
Salinas, CA 93901-2680


John Bean
Post Office Box 1642
Carmel Valley, CA 93924-1642

---

[2] On May 1, 2006, the Court granted Bean's motion for designation of the case as an E-filing case. Because Bean has not yet registered as an E-filer or provided his email address, the Court has served the parties with hard copies of the order.

Case No. C 06-00201 JF
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
(JFEX1)