1

2                                                          **E-Filed 11/27/06**

3

4

5

6

7                              NOT FOR CITATION

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                            SAN JOSE DIVISION

11

12   JOHN R. BEAN,                        Case Number C 06-201 (RS)

13                    Plaintiff,          ORDER[1] GRANTING MOTION TO
                                          DISMISS OF SHAPIRO AND
14          v.                            VILLASENOR WITH LEAVE TO
                                          AMEND
15   M. SHAPIRO, et al.,
                                          [re:  doc. no. 47]
16                    Defendants.

17

18

19

20          Defendants M. Shapiro ("Shapiro") and J. Villasenor ("Villasenor") move to dismiss the

21   second amended complaint of Plaintiff John Bean ("Bean") for lack of subject matter jurisdiction

22   pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to

23   Federal Rule of Civil Procedure 12(b)(6).  The Court has reviewed the papers filed by the parties

24   as well as the oral arguments presented at the hearing on November 17, 2006.  For the reasons

25   discussed below, the Court will grant the motion to dismiss with leave to amend.

26

27   _____

28          [1] This order is not designated for publication and may not be cited.

# I. BACKGROUND

This action arises out of Bean's arrest for elder abuse against his mother, Ruth Bean, in violation of California Penal Code § 368. Bean, proceeding *pro se*, filed the complaint in this action on January 11, 2006, alleging untitled claims against the County of Monterey and the Monterey Sheriff's Department. In essence, Bean alleged that Monterey Sheriff's Deputies Shapiro and Villasenor wrongfully arrested him for elder abuse even though he explained to them that the apparent bruising on his mother was the result of a prescription medication called "Coumadin." Bean alleged that Shapiro falsified the police report, stating that Bean had a knife when the deputies confronted him at his home, when in fact Bean did not have a knife. Bean alleged that as a result of the arrest he was held in custody with actual criminals and predators, that he lost personal belongings with actual and sentimental value, and that he and his family suffered emotional and financial stress.

The Court dismissed Bean's complaint with leave to amend on June 7, 2006 after concluding that Bean had failed to allege sufficient facts to state a cognizable federal claim and had failed to allege any claim upon which relief could be granted. At the time the Court issued its order, Bean already had filed a first amended complaint ("FAC"), although that pleading had not been served. The Court nonetheless addressed the FAC during oral argument on the motion to dismiss the original complaint, and in its order of June 7, 2006. The Court stated at the hearing that the FAC did not remedy the pleading deficiencies of the original complaint, and that Bean should not serve the FAC but rather should file a new amended pleading after receiving the Court's June 7 order. Bean nonetheless served the FAC on the Sheriff's Department, which subsequently moved to dismiss the FAC. On August 2, 2006, the Court struck the FAC as inconsistent with the June 7 order and vacated the hearing date on the Sheriff's Department's motion to dismiss. However, the Court granted Bean yet another opportunity to file an amended pleading addressing the pleading deficiencies noted in the June 7 order.

Bean filed the operative second amended complaint ("SAC") on August 21, 2006. The SAC names as defendants Shapiro, Villasenor and Jayne Speizer of the Monterey County Herald newspaper. The SAC asserts six claims: (1) false arrest; (2) false imprisonment; (3) misprision;

2

(4) "Color and Title"; (5) violation of civil rights; and (6) defamation.

## II. LEGAL STANDARD

**A.      Rule 12(b)(1)**

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the moving party asserts that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction. *Id.* In a factual attack, the moving party disputes the truth of the allegations in the complaint, which otherwise would be sufficient to invoke federal jurisdiction. *Id.* In resolving a facial attack, the Court accepts the allegations in the complaint as true. *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005). In resolving a factual attack, the Court need not presume the truthfulness of the allegations set forth in the complaint and may consider evidence beyond the face of the complaint without converting the motion to dismiss into a motion for summary judgment. *Id.*; *Safe Air*, 373 F.3d at 1039. Once the moving party has presented affidavits or other evidence tending to show that subject matter jurisdiction does not lie, the plaintiff must present affidavits or other evidence sufficient to establish subject matter jurisdiction. *Safe Air*, 373 F.3d at 1039.

"[J]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional." *Safe Air*, 373 F.3d at 1039 (internal quotation marks and citation omitted). Dismissal usually is inappropriate when the question of jurisdiction is intertwined with the merits of the action, for example, when "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id.* (internal quotation marks and citation omitted). Under these circumstances, a motion to dismiss for lack of subject matter jurisdiction is appropriate only if the allegations set forth in the complaint are frivolous. *Id.* at 1040.

**B.      Rule 12(b)(6)**

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most

3

1   favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  The pleading of a

2   *pro se* litigant is held to a less stringent standard than a pleading drafted by an attorney, and is to

3   be afforded the benefit of any doubt. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Karim-Panahi*

4   *v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988).  Further, a *pro se* litigant

5   must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint

6   cannot be cured by amendment.  *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir.

7   1995).

8                                          **III. DISCUSSION**

9             As an initial matter, the Court notes that pursuant to this Court's Civil Local Rules

10  Bean's opposition to the motion was due on October 27, 2006, but was not filed until November

11  14, 2006.  Shapiro and Villasenor filed a reply on November 15, requesting that the opposition be

12  stricken as untimely.  In light of Bean's *pro se* status, the Court will exercise its discretion to

13  consider the late-filed opposition.

14            Most of the claims alleged in the SAC are state law claims.  The only two claims that

15  arguably are asserted under federal law are the fourth claim for "Color and Title" and the fifth

16  claim for violation of civil rights.  The fourth claim alleges that Shapiro "doctored the facts of the

17  plaintiff's arrest incident and prepared a falsified police report," and the fifth claim alleges that

18  Bean was subjected to hardship and psychological torture prior to the ultimate dismissal of the

19  criminal case against him, and that he now has a criminal record.  With respect to the latter

20  allegations, Bean provides no facts regarding the alleged hardship and psychological torture he

21  suffered and, most importantly, gives no indication if or how *Shapiro and Villasenor* were

22  involved in the infliction of such hardship and torture.  While the allegations of the fourth claim

23  are more specific, stating that Shapiro "doctored" the police report, Bean provides no details

24  regarding the alleged "doctoring" – that is, he does not state what facts were improperly included

25  or omitted from the police report and how the inclusion or omission of such facts violated his

26  civil rights.  Accordingly, the Court concludes that Bean has failed to allege a cognizable federal

27  claim against Shapiro or Villasenor, and thus has failed to allege a basis for subject matter

28  jurisdiction in this Court.

                                                   4

1    Because the Court concludes that Bean has failed to allege a cognizable federal claim, the

2    Court need not address Bean's state law claims.  The Court notes, however, that at least some of

3    the state law claims appear to fall within California's Tort Claims Act, California Government

4    Code §§ 810 *et seq*.  Under that statute, a plaintiff may not maintain an action for damages

5    against a public entity unless a written claim first is presented to the public entity in a timely

6    fashion.  Cal. Gov't Code §§ 905, 945.4.  Likewise, a plaintiff may not maintain an action for

7    damages against a public employee unless a written claim first is presented to the public entity

8    that employs the public employee.  Cal. Gov't Code §§ 950.2, 950.6.  A claim based upon a

9    personal injury cause of action must be presented within six months after accrual of the cause of

10   action.  Cal. Gov't Code §§ 911.2.  Bean does not allege that he has complied with this claims

11   presentation requirement.  Accordingly, it appears that his state law claims are barred.[2]

12   The Court is aware that Bean is proceeding *pro se*, and that he understandably cannot

13   allege his claims with the clarity that one would expect from an attorney.  However, the Court

14   cannot allow this action to go forward unless Bean is able to allege facts sufficient to

15   demonstrate the existence of a cognizable federal claim.  While this is Bean's third attempt at

16   pleading a cognizable federal claim, this is the first time the Court has evaluated his claims

17   against Defendants Shapiro and Villasenor.  Given that fact, and Bean's *pro se* status, the Court

18   will grant Bean one final opportunity to attempt to allege a viable federal claim.  The Court

19   repeats its advice to Bean at the hearing that Bean consult with an attorney for assistance in

20   presenting his claims properly.  However, in light of the history of this case and the continuing

21   expense this action is causing to Defendants and their counsel, the Court has reached the limit of

22   its patience.  If Bean is unable to cure the defects noted herein, the Court will dismiss his claims

23   against Shapiro and Villasenor without leave to amend.

24

25

26   _____

27       [2] Given the Court's conclusions that Bean has failed to state a cognizable federal claim
     and that his state law claims are barred for failure to complaint with the California Tort Claims
28   Act, the Court need not reach Defendants' additional arguments in support of their motion to
     dismiss.

5

1

**IV. ORDER**

2
     Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND.  Any

3
amended pleading shall be filed and served on or before December 29, 2006.  The parties shall

4
appear for a Case Management Conference on February 9, 2007 at 9:00 a.m.

5

6

7

8

9

10

11

12

13

14
DATED:  11/27/06

15

16
JEREMY FOGEL
United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 06-201 (RS)
ORDER GRANTING MOTION TO DISMISS OF SHAPIRO AND VILLASENOR WITH LEAVE TO AMEND
(JFLC2)

1    Copies of Order served on:

2

3    John Richard Bean      WilsonrreR@aim.com

4    Traci A. Kirkbride      kirkbrideta@co.monterey.ca.us, edwards-jamesg@co.monterey.ca.us;
   zazuetac@co.monterey.ca.us

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 06-201 (RS)
ORDER GRANTING MOTION TO DISMISS OF SHAPIRO AND VILLASENOR WITH LEAVE TO AMEND
(JFLC2)