**E-filed 4/25/07**

1
2
3
4
5
6
7                                    NOT FOR CITATION

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12   JOHN R. BEAN,                          Case Number C 06-201 (RS)

13                      Plaintiff,          ORDER[1] (1) GRANTING THE
                                            MOTION TO DISMISS OF SHAPIRO
14          v.                              AND VILLASENOR; (2) GRANTING
                                            THE MOTION TO DISMISS OF
15   M. SHAPIRO, et al.,                    SPEIZER; AND (3) DENYING THE
                                            MOTION FOR ATTORNEY'S FEES
16                      Defendants.         AND COSTS OF SPEIZER.

17

18

19

20

21          Defendants M. Shapiro ("Shapiro") and  J. Villasenor ("Villasenor") move to strike or, in

22   the alternative, to dismiss the third amended complaint of Plaintiff John Bean ("Bean") with

23   prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure

24   12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

25   Defendant Jayne Speizer ("Speizer") moves specially to strike and dismiss Bean's third amended

26   complaint pursuant to California Code of Civil Procedure § 425.16 for lack of subject matter

27

28   _____

     [1] This order is not designated for publication and may not be cited.

1    jurisdiction and because the defamation claim against her is barred as a matter of law.   The

2    Court has reviewed the papers filed by the parties as well as the oral arguments presented at the

3    hearing on April 4, 2007.  For the reasons discussed below, the Court will dismiss the complaint

4    as to all defendants and deny Speizer's special motion to strike without prejudice.

5                                        **I. BACKGROUND**

6             This action arises out of Bean's arrest for alleged elder abuse against his mother, Ruth

7    Bean, in violation of California Penal Code § 368.  Bean, proceeding *pro se*, filed the complaint

8    in this action on January 11, 2006, alleging untitled claims against the County of Monterey and

9    the Monterey Sheriff's Department.  In essence, Bean alleged that Monterey Sheriff's Deputies

10   Shapiro and Villasenor wrongfully arrested him for elder abuse even though he explained to

11   them that his mother's apparent bruising was the result of a prescription medication called

12   "Coumadin."  Bean alleged that Shapiro falsified the police report, stating that Bean had a knife

13   when the deputies confronted him at his home, when in fact Bean did not have a knife.  Bean

14   alleged that as a result of the arrest he was held in custody with true criminals and predators, that

15   he lost personal belongings with actual and sentimental value, and that he and his family suffered

16   emotional and financial stress.

17            The Court dismissed Bean's complaint with leave to amend on June 7, 2006 after

18   concluding that Bean had failed to allege sufficient facts to state a cognizable federal claim and

19   had failed to allege any claim upon which relief could be granted.  At the time the Court issued

20   its order, Bean already had filed a first amended complaint ("FAC"), although that pleading had

21   not been served.  The Court nonetheless addressed the FAC during oral argument on the motion

22   to dismiss the original complaint, and in its order of June 7, 2006.  The Court stated at the

23   hearing that the FAC did not remedy the pleading deficiencies of the original complaint, and that

24   Bean should not serve the FAC but rather should file a new amended pleading after receiving the

25   Court's order on the pending motion.  Bean nonetheless served the FAC on the Sheriff's

26   Department, which subsequently moved to dismiss the FAC.  On August 2, 2006, the Court

27   struck the FAC as inconsistent with the June 7 order and vacated the hearing date on the

28   Sheriff's Department's motion to dismiss.  However, the Court granted Bean another opportunity

2

1   to file an amended pleading addressing the pleading deficiencies noted in the June 7 order.

2       Bean filed a second amended complaint ("SAC") on August 21, 2006.  The SAC named

3   as defendants Shapiro, Villasenor and Jayne Speizer of the Monterey County Herald newspaper

4   ("Speizer").  In an order dated November 27, 2006, the Court dismissed the SAC with leave to

5   amend, concluding that Bean again had failed to allege a cognizable federal claim against

6   Shapiro or Villasenor.  The Court noted that it could not permit the instant action to go forward

7   in the absence of a cognizable federal claim.  Although the SAC represented Bean's third

8   attempt at pleading a cognizable federal claim, the Court granted Bean one final opportunity to

9   allege a viable federal claim based on the fact that this was the first time the Court had evaluated

10  Bean's claims against Defendants Shapiro and Villasenor, individually, and in light of Bean's

11  *pro se* status.  The Court ordered any amended pleading to be filed and served on or before

12  December 29, 2006.  Finally, the Court stated that if Bean were unable to cure the defects noted,

13  it would dismiss his claims against Shapiro and Villasenor without leave to amend.

14

15      On January 19, 2007, Bean filed the operative  third amended complaint ("TAC").  The

16  TAC names as defendants Shapiro, Villasenor, and Speizer.  The SAC asserts six claims: (1)

17  false arrest; (2) false imprisonment; (3) misprision; (4) "Color and Title"; (5) violation of civil

18  rights; and (6) defamation.

19

20                              **II. LEGAL STANDARD**

21  **A.      Rule 12(b)(1)**

22      "A Rule 12(b)(1) jurisdictional attack may be facial or factual."  *Safe Air For Everyone v.*

23  *Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack, the moving party asserts that the

24  allegations in the complaint are insufficient on their face to invoke federal jurisdiction.  *Id*.  In a

25  factual attack, the moving party disputes the truth of the allegations in the complaint, which

26  otherwise would be sufficient to invoke federal jurisdiction.  *Id*.  In resolving a facial attack, the

27  Court accepts the allegations in the complaint as true.  *Whisnant v. United States*, 400 F.3d 1177,

28  1179 (9th Cir. 2005).  In resolving a factual attack, the Court need not presume the truthfulness

3

1  of the allegations set forth in the complaint and may consider evidence beyond the face of the

2  complaint without converting the motion to dismiss into a motion for summary judgment. *Id.*;

3  *Safe Air*, 373 F.3d at 1039. Once the moving party has presented affidavits or other evidence

4  tending to show that subject matter jurisdiction does not lie, the plaintiff must present affidavits

5  or other evidence sufficient to establish subject matter jurisdiction. *Safe Air*, 373 F.3d at 1039.

6       "[J]urisdictional dismissals in cases premised on federal-question jurisdiction are

7  exceptional." *Safe Air*, 373 F.3d at 1039 (internal quotation marks and citation omitted).

8  Dismissal usually is inappropriate when the question of jurisdiction is intertwined with the

9  merits of the action, for example, when "a statute provides the basis for both the subject matter

10 jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id.* (internal

11 quotation marks and citation omitted). Under these circumstances, a motion to dismiss for lack

12 of subject matter jurisdiction is appropriate only if the allegations set forth in the complaint are

13 frivolous. *Id.* at 1040.

14 **B.      Rule 12(b)(6)**

15      "A court may dismiss a complaint only if it is clear that no relief could be granted under

16 any set of facts that could be proved consistent with the allegations." *Hishon v. King &*

17 *Spaulding*, 467 U.S. 69, 73 (1984). For purposes of a motion to dismiss, the plaintiff's

18 allegations are taken as true, and the Court must construe the complaint in the light most

19 favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The pleading of a

20 *pro se* litigant is held to a less stringent standard than a pleading drafted by an attorney, and is to

21 be afforded the benefit of any doubt. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Karim-*

22 *Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988). Further, a *pro se*

23 litigant must be given leave to amend unless it is absolutely clear that the deficiencies of the

24 complaint cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245,

25 248 (9th Cir. 1995).

26

27                                   **III. DISCUSSION**

28      As an initial matter, the Court notes that pursuant to its November 27 order, Bean's TAC

                                          4

1   was due on December 29, 2006; the TAC was not filed until January 19, 2007.  Defendants

2   request that the TAC be stricken entirely for failure to comply with the Court's prior order.  In

3   light of Bean's *pro se* status, and in view of its conclusion that Defendants are entitled to

4   judgement on the merits,  the Court will exercise its discretion to consider the late-filed TAC.

5          In the Court's last order filed on November 27, 2006, the Court explicitly identified the

6   deficiencies in the SAC.  This Court stated that most of Bean's alleged claims arise under state

7   law and that it appeared that the only two claims that possibly could implicate federal law are the

8   fourth claim "Color and Title" and the fifth claim for violation of civil rights.  The fourth claim

9   alleged that Shapiro doctored the police report.  The Court explained that Bean had not stated

10  "what facts were improperly included or omitted from the police report and how the inclusion or

11  omission of such facts violated his civil rights."  Order at 4.  The fifth claim alleged that Bean

12  was subjected to hardship and psychological torture prior to the dismissal of the criminal case

13  against him, and that now he has a criminal record.  The Court explained that Bean had not

14  provided facts regarding the hardship and psychological torture, and had failed to explain if or

15  how Shapiro and Villasenor were involved.

16         The Court has compared the SAC to the TAC, and found that the TAC contains only

17  minor changes that do not address the deficiencies noted in the previous order.  In the

18  jurisdiction section Bean added the statement, "[o]riginal jurisdiction of this Court is invoked

19  pursuant to 28 U.S.C. §1391," and added the facts that he is a resident of Monterey County,

20  California and that Defendant County of Monterey is a government entity that employs at least

21  fifteen employees at all relevant times.  TAC at 1.  Although the Court recognizes Bean's

22  attempt to address the jurisdictional deficiency, the previous order explicitly stated that Bean

23  must allege more facts to support his claim.  In the venue section, Bean made minor changes to

24  the wording, none which amounted to any change in the substantive content of the section.  At

25  the end of the TAC, Bean has added a section that clearly outlines his prayer for judgment.

26  However, this amendment has no effect on the substance of his claims and therefore does not

27  address the deficiencies previously identified by the Court.  The only variation between the SAC

28  and TAC with respect to the substance of Bean's claims is found in the sixth count; however,

5

1    Bean *deleted* facts as opposed to adding additional details.  The SAC alleged that the County of

2    Monterey Sheriff's Department reported falsified facts to the Monterey Herald and that the

3    Monterey Herald defamed Bean by publishing these facts.  The TAC, however, omits the

4    allegation that the Sheriff's Department reported the facts to the Monterey Herald, and includes

5    only the information about the publication.  Moreover, during oral argument this Court afforded

6    Bean another opportunity to present additional facts in support of his claims.  Bean, however,

7    was unable to do so.  None of the minor changes in the TAC provide any additional facts to

8    demonstrate the existence of a federal claim, and Bean has expressed to this Court that he has no

9    additional facts to allege.  The TAC, therefore, fails to provide a basis for this Court's

10   jurisdiction.

11          The Court stated in its previous order that because Bean had failed to allege a cognizable

12   federal claim, it would decline to address Bean's state law claims.  Moreover, because most or

13   all of Bean's state law claims appear to fall within California's Tort Claims Act, California

14   Government Code §§ 810 *et seq.,* the claims were deficient because Bean did not allege in the

15   SAC that he had complied with the presentation requirements set forth in the statute.  Because

16   Bean does not address these deficiencies in the TAC, it appears that his state law claims also are

17   barred.

18           The only claim asserted against Speizer is the sixth claim for defamation, a state law

19   claim.  In her special motion to strike, Speizer, asserts that Bean's claim against her is barred as

20   a matter of law and should be stricken pursuant to California's anti-SLAPP statute, Cal. Code

21   Civ. Proc. § 425.16(b)(1).  Mot. Strike at 5.  Bean argues that § 425.16(b)(1) does not apply to

22   the facts of this case because that section was intended to "protect First Amendment speech and

23   petition activity, often by corporations."  Opp'n. at 2.  The Court acknowledges the importance

24   of § 425.16(b)(1) as a protection of free exercise of speech in the context of the newspaper

25   articles.  Nonetheless, in its discretion and without objection from Speizer, the Court will

26   construe her motion as a motion to dismiss pursuant to Rule 12(b)(6).  As discussed above, Bean

27   fails to state a cognizable federal claim, and the Court declines to entertain Bean's state law

28   claims absent a viable federal claim.  Accordingly, the claim against Speizer is dismissed

6

1  without leave to amend.

2      Speizer moves for attorney's fees and costs pursuant to § 425.16(c).  Although the fee

3  provision under § 425.16(c) is mandatory, the Court has construed Speizer's motion as a Rule

4  12(b)(6) motion to dismiss.  Given Bean's apparent indigent status, the Court does not believe an

5  award of attorney's fees and costs in this case would serve a useful purpose.  Speizer's legal

6  arguments, however, appear to be well taken.  Should Bean pursue a defamation claim against

7  Speizer in the future, the court having jurisdiction over that claim may see fit to award attorney's

8  fees and costs to Speizer.  Accordingly, the special motion to strike is denied without prejudice.

9

10                                    **IV. ORDER**

11      Good cause therefore appearing, IT IS HEREBY ORDERED that the third amended

12  complaint is dismissed without leave to amend as to all defendants.  Speizer's special motion to

13  strike will be denied without prejudice.

14

15

16

17  DATED: 4/25/07

18

19

20  _____
    JEREMY FOGEL
21  United States District Judge

22

23

24

25

26

27

28

7

1

2     Copies of Order served on:

3

4     John Richard Bean
      WilsonrreR@aim.com

5     Erica L. Craven
      elc@lrolaw.com, amw@lrolaw.com
6

7     Traci A. Kirkbride
      kirkbrideta@co.monterey.ca.us, edwards-jamesg@co.monterey.ca.us;
8     zazuetac@co.monterey.ca.us

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 06-201 (RS)
ORDER (1) GRANTING MOTION TO DISMISS OF SHAPIRO AND VILLASENOR; ETC.
(JFEX2)